UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

In re:

RAFAEL ANGEL GONZALEZ MENDOZA and    Case No. 18-13386-RAM
CARMEN CECILIA BALGUER PERAL,        Chapter 7

     Debtors.
_____/

**TRUSTEE, MARCIA T. DUNN'S OBJECTION TO DEBTORS' SCHEDULED VALUATION AND CLAIMED EXEMPTION OF SCHEDULED PROPERTY**

Marcia T. Dunn, as Chapter 7 Trustee of the Bankruptcy Estate of Rafael Angel Gonzalez Mendoza and Carmen Cecilia Balguer Peral (the "Trustee"), through counsel and pursuant to 11 U.S.C. §§ 522, 541 and 542, and Federal Rule of Bankruptcy Procedure 4003, files this Objection to Debtors' Scheduled Valuation and Claimed Exemption of Scheduled Property (the "Objection"), and in support thereof, states as follows:

**BACKGROUND**

1. On March 23, 2018 (the "Petition Date"), the Debtors, RAFAEL ANGEL GONZALEZ MENDOZA and CARMEN CECILIA BALGUER PERAL (the "Debtors"), filed a voluntary petition for relief under Title 11, Chapter 7 of the United States Bankruptcy Code.

2. On May 2, 2018, the Debtor's § 341 Meeting of Creditors was held and concluded. Marcia T. Dunn is the duly appointed and acting Chapter 7 Trustee of the Debtors' bankruptcy Estate (the "Estate")

3. The Trustee has conducted discovery in this matter, including among other things, review of documents provided by the Debtors, conducting a Rule 2004 Examination of the Debtors, and review of approximately 14 boxes of documents that were previously located in storage in Delray Beach, Florida. After this initial investigation, the Trustee determined that (1)

the Debtors should apply Florida exemptions rather than federal exemptions and (2) there were unscheduled and undervalued assets, notably including substantial discrepancies in the scheduled cash on hand and amounts held in the Debtors' bank accounts.

4.  The Trustee, through counsel, attempted to resolve these issues with Debtors' counsel, in the hope of reaching an expedient global resolution.

5.  In response, on July 30, 2018, the Debtors filed under penalty of perjury their first *Amended Schedules "A/B"* and *Amended Schedule "C"* (the "First Amended Schedules")[D.E. 37]. As a result, the current deadline to object to the Debtors' claimed exemptions is August 29, 2018.

6.  The First Amended Schedules included the Debtors' Notice of Compliance With Requirements for Amended Creditor Information [D.E. 37-1]. The Notice of Compliance provides a certification by Debtors' counsel that the requisite form Declarations have been signed by each Debtor as required, particularly a Declaration Under Penalty of Perjury.

7.  The *Amended Schedule "A/B"* increased the total value of the Debtors' assets from $73,078.49 to $90,741.14. Notably, among other additions, the First Amended Schedules added approximately $5,000 in cash on hand and increased the cash in Debtors' bank accounts by approximately $10,000. The *Amended Schedule "C"* was amended to exempt the full amount of the new values, thereby raising the exemption amount from $9,177.52 to $28,745.66 pursuant to 11 U.S.C. §522(d).

8.  On August 29, 2018, the Debtors filed a second *Amended Schedule "A/B"*, decreasing the total value of the Debtors' assets from $90,741.14 to $84,929.49. However, the Debtors failed to amend Schedule "C" to mirror the values of the items as provided in the Second Amended Schedule "A/B". As a result, there is an inconsistency between the value of the items

being claimed as exempt in Schedule "C" and the value of the same items as provided for in Schedule "A/B".

9. Moreover, the Debtors' failure to amend *Schedule "C"* a second time, leaves their improper claims of exemptions under 11 U.S.C. § 522(d).

## OBJECTIONS TO EXEMPTIONS

### Objection to exemptions claimed under 11 U.S.C. § 522(d)

10. The Trustee objects to the claimed exemptions being made pursuant to 11 U.S.C. §522(d), regardless as to the Debtors' status as political asylees, because the Debtors are Florida residents, and therefore, are not entitled to the federal exemptions. Fla. Stat. § 222.20.

11. As the Florida Supreme Court held in Bloomfield, "where a good faith intention is coupled with an actual removal evidenced by positive overt acts, then the change of residence is accomplished and becomes effective. This is so because legal residence consists of the concurrence of both fact and intention." Bloomfield v. City of St. Petersburg Beach, 82 So.2d 364, 368 (Fla. 1955).

12. Here, there is no dispute that the Debtors arrived to Florida in 2012 and intended to remain in Florida since 2013. The facts also support the Debtors' intentions.

13. The Debtors testified at their 2004 exam that since 2013 they knew they could not return to Venezuela and had every intention of staying in Florida. They opened bank accounts and owned and operated a business in Florida beginning in 2009. The Debtors' passports also show recurring trips to the United States during that time frame. The Debtors began to rent an apartment in Florida in 2013 and purchased furniture and electronics in order to establish their residence in

CASE NO.: 18-13386-RAM

Florida. Additionally, the Debtors' minor children have been registered in Florida schools since 2013.[1]

14. In Lisboa, the 3rd DCA examined whether an applicant for political asylum qualified for a homestead exemption. In order to qualify, there must be permanent residence. The court held that the applicant had a permanent residence in Florida notwithstanding the fact that his status could be dissolved eventually at the instance of either the United States or of the individual. Lisboa v. Dade County Property Appraiser, 705 So.2d 704 (Fla. 3rd DCA 1998).

15. In re Fodor, Judge Williamson specifically distinguished Lisboa with the case at hand where the Debtor's residential status on the petition date was temporary, because as in Lisboa, an applicant for political asylum has an immigration status of "permanently residing under the color of law" ("PRUCOL"). In re Fodor, 339 B.R. 519, 523 (Bankr. M.D. Fla. 2006). As Judge Williamson stated, PRUCOL's status is defined as "permanent and as a relationship of continuing in nature, as opposed to temporary, even though their status may eventually be dissolved." Id.

16. Under Florida law, individuals holding PRUCOL status are entitled to Florida exemptions, and therefore, are not entitled to federal exemptions pursuant to Fla. Stat. § 222.20. See Hale v. Department of Revenue, State of Florida, 808 So. 2d 237 (Fla. 1st DCA 2002).

*Valuation*

17. Additionally, the Trustee also objects to the scheduled valuation and claimed exemption of all property and asserts that the actual Petition Date fair market value of said property, exceeds the available $5,000.00 per person for personal property exemptions, and the $1,000.00 per person vehicle exemption under Florida law, or to the extent that any claimed

---

[1] If the Debtors' children apply to and attend a Florida university, they will be considered a Florida residence for tuition purposes.

exempt property was converted from non-exempt assets in derogation of Fla. Stat. § 222.29 and § 222.30, and any other applicable law.

18. A Debtor's assets, liabilities, and other information are required to be disclosed in the Debtors' schedules and statement of financial affairs. Debtors are required to declare the accuracy of the schedules and statement of financial affairs under penalty of perjury.

19. Here, the Debtors declared and admitted, under penalty of perjury, certain valuations when they filed the first *Amended Schedule "A/B"*, declaring that they had the following assets as of the Petition Date:

20. Accordingly, the Debtors either intentionally and deliberately filed fraudulent schedules explicitly to hinder and delay the Trustee's administration of the Estate in their First Amended Schedules or were in possession of the assets that were disclosed therein, at those valuations.

21. The Debtors' non-exempt property is property of the Estate and subject to turnover pursuant to 11 U.S.C. § 541.

**WHEREFORE**, Marcia T. Dunn, as Chapter 7 Trustee of the Bankruptcy Estate of Rafael Angel Gonzalez Mendoza and Carmen Cecilia Balguer Peral, respectfully requests this Honorable Court enter an Order (1) sustaining the instant Objection, and (2) granting such other and further relief this Court deems just and proper.

**DUNN LAW, P.A.**
*Counsel for Marcia T. Dunn, Trustee*
555 Northeast 15th Street, Suite 934-A
Miami, Florida  33132-1451
Tel: 786-433-3866
Fax: 786-260-0269
joshua.kligler@dunnlawpa.com

By: */s/ Joshua C. Kligler*
   Michael P. Dunn, Esq.
   Florida Bar No. 100705

CASE NO.: 18-13386-RAM

Joshua C. Kligler, Esq.
Florida Bar No. 69397

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on August 29, 2018, a true and correct copy of the foregoing was served via electronic transmission to the parties who are currently on the list to receive e-mail notice/service for this case, and via U.S. Mail as indicated below.

Respectfully submitted,

**DUNN LAW, P.A.**
*Counsel for Marcia T. Dunn, Trustee*
555 Northeast 15th Street, Suite 934-A
Miami, Florida  33132-1451
Tel: 786-433-3866
Fax: 786-260-0269
joshua.kligler@dunnlawpa.com

By:     */s/ Joshua C. Kligler*
        Michael P. Dunn, Esq.
        Florida Bar No. 100705
        Joshua C. Kligler, Esq.
        Florida Bar No. 69397

**Via CM/ECF:**

- Marcia T Dunn     mdunn@dunnlawpa.com, mdunn@ecf.epiqsystems.com;acastro@dunnlawpa.com;rbasnueva@dunnlawpa.com;slebron@dunnlawpa.com
- Edward Freire     courtdoc@fgbkc.com, fgbankruptcy@gmail.com;freireer63180@notify.bestcase.com
- Laila S. Gonzalez     courtdoc@fgbkc.com, fgbankruptcy@gmail.com;gonzalezlr63180@notify.bestcase.com
- Office of the US Trustee     USTPRegion21.MM.ECF@usdoj.gov

**Via US Mail:**

Rafael Angel Gonzalez Mendoza and
Carmen Cecilia Balguer Peral
8638 NW 113 Court
Miami, FL 33178