UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

In re:

RAFAEL ANGEL GONZALEZ MENDOZA and      Case No. 18-13386-RAM
CARMEN CECILIA BALGUER PERAL,     Chapter 7

    Debtors.
_____/

**TRUSTEE, MARCIA T. DUNN'S MEMORANDUM OF LAW
IN SUPPORT OF OBJECTION TO DEBTORS' CLAIMED EXEMPTIONS**

Marcia T. Dunn, as Chapter 7 Trustee of the Bankruptcy Estate of Rafael Angel Gonzalez Mendoza and Carmen Cecilia Balguer Peral (the "Trustee"), through counsel and pursuant to 11 U.S.C. §§ 522, 541 and 542, and Federal Rule of Bankruptcy Procedure 4003, files this Memorandum of Law in Support of the Objection to Debtors' Claimed Exemptions[1] [D.E. 53] (the "Objection"), and states as follows:

**SUMMARY**

Exemption law is "intended to be a shield, not a sword, and should not be applied as to make it an instrument of fraud or as an imposition upon creditors." In re Englander, 95 F.3d 1028, 1031 (11th Cir. 1996) (discussing the application and misuse of the homestead exemption); *see* Town of Lake Park v. Grimes, 963 So. 2d 940, 942 (Fla. 4th DCA 2007) ("[T]he exemption is not to be liberally construed so as to make it an instrument of fraud or imposition on creditors."). The Debtors here have played fast and loose with the applicable exemptions and scheduled valuations – weaponizing statutes that ought not to be.

---

[1] The Trustee incorporates its Objection to Debtor's Claimed Exemptions [D.E. 53], and the factual allegations and legal arguments contained therein.

CASE NO.: 18-13386-RAM

Under the law, while "residency" is both applicable and even favorable for those who reside in the state of Florida, the Debtors have improperly gamed the system. A Debtor should not be allowed to "claim residency" in every situation where beneficial, ranging from payment of ad valorem taxes, marriage (and divorce), opening and operating businesses, entitlement to *in-state* tuition rates for colleges and universities, among others, and then simultaneously disclaim residency when it is inconvenient or disadvantageous, as is the case here.

In short, under the Debtors' construction of the facts and law, debtors would inherently be allowed to choose applicable exemptions and thereby creating a risk of systemic abuse. Because of the Debtors' misuse and misapplication of federal exemptions and the internal inconsistency with other relevant law, the Trustee's Objection to exemptions should be sustained

**THE DEBTORS' EXEMPTIONS ARE NOT
PROPERLY CLAIMED UNDER 11 U.S.C. §522(d)**

1. **Applicants for Political Asylum Satisfy Florida's Residency Requirement And, Therefore, Qualify for Florida Exemptions**

As political asylum seekers, the Debtors are considered Florida residents qualifying them for a myriad of state benefits including, but not limited to, marriage (and divorce), entitlement to in-state tuition for colleges and universities, and, most notably, Florida's homestead exemption including reduced ad valorem property taxes. As a result of Florida classifying the Debtors as Florida residents and providing them with certain rights and benefits only afforded to residents, they too should be considered Florida residents for purposes of determining whether they can claim state or federal exemptions on their bankruptcy petition.

The Debtors' primarily rely on the case of <u>Juarrerro v. McNayr</u>, 157 So.2d 79, 81 (Fla. 1963) (holding that a Cuban refugee seeking political asylum could not legally, rightfully and in good faith make his Florida residence his permanent home). In <u>Juarrero</u>, the Florida Supreme Court determined that an alien residing in the United States with a temporary visa "does not have the

2

legal ability to determine for himself his future status and does not have the ability to legally convert a temporary residence into a permanent home." Id. at 81.

However, it has been acknowledged by Florida courts that "immigration policies of the United States have changed considerably since Juarrero was decided [in 1963]. Most significant is the fact that Mr. Juarrero's visa today would not be of a temporary nature…Juarrero's status would be that of one "permanently residing under color of law ["PRUCOL"]."[2] Lisboa v. Dade County Property Appraiser, 705 So.2d 704, 707 (Fla. 3rd DCA 1998); *see also*, DeQuervain v. Desquin, 927 So. 2d 232, 235 (Fla. 2nd DCA 2006) ("Under *Lisboa,* only a limited category of aliens—those with asylum applications pending as of the relevant taxing date—satisfy the homestead residency requirement without having obtained permanent resident status").

An applicant for political asylum, whose application is pending, is a "permanent resident" for purposes of Florida's homestead exemption from ad valorem taxation. In re Lisboa, 705 So.2d 704. Because the Debtors here must be considered Florida residents for purposes of Florida's homestead exemption, they too "shall not be entitled to the federal exemptions provided in s. 522(d) of the Bankruptcy Code." Fla. Stat. §222.20.

---

[2] Aside from the applicable case law, Chapter 65C-9 of the Florida Administrative Code defines PRUCOL "as a person who is known to INS and whose forced departure from the United States is not imminent." Additionally, the Broward County Property Appraiser further provides that PRUCOL is a "fancy sounding term created by the federal courts in the *Holley v. Lavine* case in 1978. As the court explained, the basic concept means "that an alien was residing in the United States with the knowledge and permission, express or implied, of the [USCIS] and that the [USCIS] did not contemplate enforcing his or her departure." Under Florida law, only U.S. citizens, permanent resident aliens, or someone holding PRUCOL status is eligible for a Homestead Exemption. A person in the U.S. with asylum or parole refugee status is considered PRUCOL." Broward County Property Appraiser, Frequently Asked Questions, http://www.bcpa.net/FAQ.asp#10047 (last visited October 8, 2018). [emphasis added]

CASE NO.: 18-13386-RAM

**2. The Debtors Should Be Considered Florida Residents Despite Their PRUCOL Status And, Therefore, Not Entitled to Federal Exemptions**

"When a Florida resident files for bankruptcy, Florida law determines which property the debtor may exempt from the bankruptcy estate and administration by the trustee." <u>Osborne v. Dumoulin</u>, 55 So.3d 577, 583-584 (Fla. 2011).

In <u>Bloomfield</u>, the Florida Supreme Court set out the following standard in determining whether an in individual can be considered a resident: "where a good faith intention is coupled with an actual removal evidenced by positive overt acts, then the change of residence is accomplished and becomes effective. This is so because legal residence consists of the concurrence of both fact and intention." <u>Bloomfield v. City of St. Petersburg Beach</u>, 82 So.2d 364, 368 (Fla. 1955).

Here, there is no dispute that the Debtors arrived to Florida in 2012 and intended to remain in Florida since 2013. The facts also support the Debtors' intentions. The Debtors testified at their 2004 exam that since 2013 they knew they could not return to Venezuela and had every intention of staying in Florida. They opened bank accounts, and owned and operated a business in Florida beginning in 2009. The Debtors' passports also show recurring trips to the United States during that time frame. The Debtors began to rent an apartment in Florida in 2013 and purchased furniture and electronics in order to establish their residence in Florida. Additionally, the Debtors' minor children have been registered in Florida schools since 2013. Under applicable law, if the Debtors' children apply to and attend a Florida university, they will also be considered a Florida resident for tuition purposes.

In their Response to Trustee's Objection to Debtors' Scheduled Valuation and Claimed Exemption of Scheduled Property [D.E. 58], the Debtors rely, in-part, on <u>Smart v. Shalala</u>, 9 F.3d 921 (11th Cir. 1993), in which the Court stated that the contention that PRUCOL status is the

4

equivalent of being lawfully admitted for permanent residence was an argument that is "plainly wrong." In Smart, the individual claiming social security retirement benefits (the "Claimant") had illegally reentered the country after being deported. In fact, the Court never determined whether the Claimant was "permanently residing under color of law", but rather, this was an argument made by the Claimant. The 11th Circuit further explained:

> He [the Claimant] is residing in the United States in spite of the immigration laws, not in accordance with them…He is subject to deportation at any time if INS chooses to go forward with such proceedings. The district court simply "recommended" he not be deported, and did not endow him with any of the benefits of a permanent resident. He is not entitled to remain in this country indefinitely or establish permanent residence here. He cannot obtain a green card, and therefore is not free to work in this country. He would have no right to reenter the United States if he left temporarily."

Id. at 923. This is in clear contrast to the rights and benefits provided to an individual classified as PRUCOL. Additionally, "[u]nder the doctrine of PRUCOL, permanent resident alien status can be implied if an alien is "residing in the United States with the INS's knowledge and permission and whom the INS does not contemplate deporting." Shibayama v. U.S., 55 Fed.Cl. 720, 744 (Fed. Cl. 2002) (citing Lewis v. Thompson, 252 F.3d 567, 572 (2nd Cir. 2001)).

As previously stated, Florida Courts have determined that applicants for political asylum are Florida residents for purposes of Florida's homestead exemption. In re Lisboa, 705 So.2d 704; In re DeQuervain, 927 So. 2d at 235.

In Perez, one year after the Florida Supreme Court's decision in Juarrero, the 3rd District Court of Appeals held that a Cuban refugee who intended to remain in the United States could establish that he was a Florida resident for the purpose of seeking a divorce. Perez v. Perez, 164 So.2d 561 (Fla. 2nd DCA 1964). The Court explained that the "unhealthy impact on the morals of the many persons involved and on the public welfare, which would result from holding that Cuban refugees who wish to consider Florida their home during the years in which they are permitted to

remain here can not be treated as residents for the purpose of seeking necessary divorces, is too apparent to deserve detailed comment." Id. at 564.

Likewise, as the Court in Lisboa recognized, "it seems unjust to us that an alien who by misfortune finds himself or herself in in need of governmental assistance, should be designated a "permanent resident" and thereby eligible for social service benefits, while another alien who is self–supporting and a tax paying resident of this country should be deemed to be less than "permanent" for tax-exemption benefits." In re Lisboa, 705 So.2d at 708.

While the Debtors do not own a home, if they did, they would have the ability to claim it as exempt pursuant to Florida Statutes. In accordance with Fla. Stat. §222.20, at that time, the Debtors would not be entitled to the federal exemptions provided in §522(d).

"The bankruptcy laws are intended as a shield, not as a sword." In re Waldron, 785 F.2d 936, 940 (11th Cir. 1986) (citing In re Penn Central Transportation Co., 458 F.Supp. 1346, 1356 (E.D.Pa.1978). Similarly, "the [Florida] homestead exemption law is intended to be a shield, not a sword." In re Englander, 95 F.3d at 1031. However, if the Court were to determine that the Debtors, as political asylum seekers, are not Florida residents and, therefore, not entitled to Florida exemptions, then there would be an instance where a political asylum seeker could use the bankruptcy laws and the Florida homestead exemption law as a sword, by choosing between federal or Florida exemptions depending on their assets and liabilities and which option would be more beneficial as a result.

Therefore, the Trustee requests that the Court determine that the Debtors are Florida residents, and as such, are not entitled to federal exemptions under §522(d), but rather entitled to Florida exemptions under §222.20.

**WHEREFORE**, Marcia T. Dunn, as Chapter 7 Trustee of the Bankruptcy Estate of Rafael Angel Gonzalez Mendoza and Carmen Cecilia Balguer Peral, respectfully requests this Honorable

CASE NO.: 18-13386-RAM

Court enter an Order (1) sustaining the Trustee's Objection, and (2) granting such other and further relief this Court deems just and proper.

> **DUNN LAW, P.A.**
> *Counsel for Marcia T. Dunn, Trustee*
> 555 Northeast 15th Street, Suite 934-A
> Miami, Florida  33132-1451
> Tel: 786-433-3866
> Fax: 786-260-0269
> joshua.kligler@dunnlawpa.com
>
> By:    */s/ Joshua C. Kligler*
>           Michael P. Dunn, Esq.
>           Florida Bar No. 100705
>           Joshua C. Kligler, Esq.
>           Florida Bar No. 69397

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on October 9, 2018, a true and correct copy of the foregoing was served via electronic transmission to the parties who are currently on the list to receive e-mail notice/service for this case, and via U.S. Mail as indicated below.

> Respectfully submitted,
>
> **DUNN LAW, P.A.**
> *Counsel for Marcia T. Dunn, Trustee*
> 555 Northeast 15th Street, Suite 934-A
> Miami, Florida  33132-1451
> Tel: 786-433-3866
> Fax: 786-260-0269
> joshua.kligler@dunnlawpa.com
>
> By:    */s/ Joshua C. Kligler*
>           Michael P. Dunn, Esq.
>           Florida Bar No. 100705
>           Joshua C. Kligler, Esq.
>           Florida Bar No. 69397

CASE NO.: 18-13386-RAM

**<u>Via CM/ECF:</u>**

- Marcia T Dunn    mdunn@dunnlawpa.com, mdunn@ecf.epiqsystems.com;acastro@dunnlawpa.com;rbasnueva@dunnlawpa.com;slebron@dunnlawpa.com
- Edward Freire    courtdoc@fgbkc.com, fgbankruptcy@gmail.com;freireer63180@notify.bestcase.com
- Laila S. Gonzalez    courtdoc@fgbkc.com, fgbankruptcy@gmail.com;gonzalezlr63180@notify.bestcase.com
- Office of the US Trustee    USTPRegion21.MM.ECF@usdoj.gov

**<u>Via US Mail:</u>**

Rafael Angel Gonzalez Mendoza and
Carmen Cecilia Balguer Peral
8638 NW 113 Court
Miami, FL 33178